BIRD SIMMONS v. THE STATE.

No. 1726.   Decided April 24, 1912.

1.—Assault to Murder—Statement of Facts.

In the absence of a statement of facts, the charge of the court can not be reviewed.

2.—Same—Charge of Court—Degree of Murder—Malice.

Where defendant was convicted of assault with intent to murder, and the court gave the definition of malice aforethought, it is not necessary to draw the distinction between the two degrees of murder, and in the absence of a statement of facts, there was no error.

Appeal from the Criminal District Court of Galveston. Tried below before the Hon. Clay S. Briggs.

Appeal from a conviction of assault to murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Without the statement of facts before us we are unable to review the questions presented for revision. The charge is attacked in several respects. Among other criticisms of the charge is that it fails to apply the law of aggravated assault

and battery inasmuch as that issue was distinctly raised by the evidence. Without the evidence we are unable to review this question. The charge is also attacked because it does not define murder in the second degree. This conviction was for assault with intent to murder. The court gave the definition of malice aforethought, and of this there is no complaint. In an assault with intent to murder usually it is not necessary to draw the distinction between the two degrees of murder in the charge. If the offense would have been murder of either degree, in case of the homicide, a general definition of malice aforethought is usually sufficient. Had the trouble resulted in a killing and conviction would have been had for either degree of murder, the general definition of malice aforethought is sufficient. In the absence of the facts the charge will be held sufficient.

The judgment is affirmed.

*Affirmed.*